

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-6-2008

# Mammodova v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3407

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Mammodova v. Atty Gen USA" (2008). *2008 Decisions.* Paper 407.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/407

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3407
_____

ESMIRA MAMMADOVA;
TENGIZ RAMIZ OGLU MAMMODOV,

Petitioners

v.

ATTORNEY GENERAL OF THE
UNITED STATES; SECRETARY OF
DEPARTMENT OF HOMELAND SECURITY,

Respondent

_____

Petition for Review of an Order of the Board of Immigration Appeals
Agency Nos. A98 419 991 and A98 419 992
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 11, 2008
_____

Before: McKee, Smith and Weis, <u>Circuit Judges</u>

(Filed: October 6, 2008)
_____

OPINION
_____

McKee, *Circuit Judge*:

Esmira Mammadova and Tengiz Ramiz Oglu Mammadov ("Petitioners") petition for review of a final order of removal issued by the Board of Immigration Appeals on July 17, 2007. Because substantial evidence supports the Board's conclusion that Petitioners failed to establish that their experiences rose to the level of persecution or that their fear of future persecution is objectively reasonable, we will deny the petition.[1]

## I.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not repeat the factual or procedural background. Petitioners argue that the Board "engaged in its own fact-finding" and in doing so, failed to use the proper "clearly erroneous" standard of review applicable to such factual findings. They misunderstand the Board's opinion. The Board concluded that their experiences, whether considered individually or cumulatively, did not rise to the level of "persecution" required for relief. In doing so, the Board applied the correct legal standard to the facts of the case, and made its own judgment about whether the record supported a finding of "past persecution" or a "well-founded fear of future persecution."

The Board's negative conclusion is supported by substantial evidence in the

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1). Where the Board provides its own analysis rather than adopting the IJ"s decision as its own, we review the BIA's decision. *See Abdulai v. Ashcroft*, 239 F.3d 542, 545 (3d Cir. 2001). We uphold the agency's determination if its conclusions are supported by "reasonable, substantial and probative evidence on the record considered as a whole" and will reverse "only if there is evidence so compelling that no reasonable factfinder could conclude as the [agency] did." *Mulanga v. Aschroft*, 349 F.3d 123, 131 (3d Cir. 2003).

record. Applying our deferential standard of review, we conclude that the record does not clearly compel the conclusion that the difficulties and harassment Petitioners faced in Azerbaijan rise to the level of persecution. The "concept of persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993). Furthermore, we find no error in the Board's conclusion that the corroborating evidence of country conditions did not establish "an objectively reasonable well-founded fear of return to Azerbaijan."

## II.

Because Petitioners failed to meet the asylum eligibility standard, they cannot meet the more rigid withholding of removal standard. *Janusiak v. INS*, 947 F.3d 46, 46-48 (3d Cir. 1991). Furthermore, Petitioners do not challenge the Board's conclusion that they are not eligible for relief under the United Nations Convention Against Torture, and it is clear that the record would not support such a claim.

Accordingly, we will deny their petition for review.